IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PHILLIP HARRIS, LINDA HARRIS,
KYLE HEISTAND, and
BENJAMIN HARRIS, Individually and
Operating as Statewide Services
LLC, a Missouri Limited
Liability Company,

Plaintiff,

v.

W. SCOTT PETERSON, et al.,

Defendant.                                        No. 09-533-DRH

ORDER

HERNDON, Chief Judge:

Before the Court is Plaintiffs' Motion to Dismiss Defendant-Counterplaintiff's Petition for Attorney's Fees (Doc. 7). Defendant-Counterplaintiff has not filed a response to the motion and the date for filing a response has passed. Therefore, under **LOCAL RULE 7.1(g)**, the Court construes Defendant-Counterplaintiff's failure to respond as an admission of the merits of the motion.[1] For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion to dismiss (Doc. 7).

Plaintiffs argue that Defendant-Counterplaintiff's prayer for an award of attorney's fees in Count I of his Counterclaim should be dismissed or stricken

---

[1] **LOCAL RULE 7.1(g)** provides that "[f]ailure to file a timely response to a motion may, in the court's discretion, be considered an admission of the merits of the motion."

because Defendant-Counterplaintiff has failed to allege any statutory provision entitling him to attorney's fees nor has he alleged an agreement between the two parties which would entitle him to an award of attorney's fees.  The Court notes that while Plaintiffs have filed their motion as a motion to dismiss, the Court believes Plaintiffs' motion is more properly characterized as a motion to strike pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(f)**.  Under **Rule 12(f)**, upon motion or the Court's own initiative, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike, however, are generally disfavored as they potentially serve only to delay.  *Heller Financial, Inc. v. Midwhey Powder Co.*, **883 F.2d 1286, 1294 (7th Cir. 1989)**.  But where motions to strike "remove unnecessary clutter from the case, they serve to expedite, not delay."  *Id*.  The determination whether to strike material under **Rule 12(f)** is within the discretion of the district court.  *Talbot v. Robert Matthews Distributing Co.*, **961 F.2d 654, 664-65 (7th Cir. 1992)**.

In Illinois, attorney's fees are only available when authorized by statute or agreement.  *Morris B. Chapman & Assoc., Ltd. v. Kitzman*, **193 Ill.2d 560, 573, 739 N.E.2d 1263, 1271 (Ill. 2000) ("Illinois generally follows the 'America Rule': absent statutory authority or a contractual agreement between the parties, each party to litigation must bear its own attorney fees and costs, and may not recover those fees and costs from an adversary." (citations omitted))**.  Here, as Plaintiffs point out, and Defendant-Counterplaintiff fails to deny, Defendant-

Counterplaintiff has not alleged any statutory provision which would entitle him to an award of attorney's fees.  Further, Defendant-Counterplaintiff has not alleged that an agreement exists between the parties that would entitle him to attorney's fees. Therefore, the Court agrees with Plaintiff that Defendant-Counterplaintiff is not entitled to attorneys fees as to Count I of his Counterclaim but finds that it is more appropriate to strike the prayer for relief of attorney fees pursuant to **Rule 12(f)**. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion to dismiss Defendant-Counterplaintiff's petition for attorney's fees.  Defendant-Counterplaintiff's prayer for attorney's fees as to Count I of his Counterclaim is **STRICKEN**.

       **IT IS SO ORDERED.**

Signed this 20th day of October, 2009.

/s/       David R Herndon

**Chief Judge**
**United States District Court**