IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PHILLIP HARRIS, LINDA HARRIS,
KYLE HEISTAND, and
BENJAMIN HARRIS, Individually and
Operating as Statewide Services
LLC, a Missouri Limited
Liability Company,

Plaintiff,

v.

W. SCOTT PETERSON, et al.,

Defendant. No. 09-533-DRH

## ORDER

**HERNDON, Chief Judge:**

Upon review of the record, the Court determined that it must *sua sponte* raise the issue of its subject matter jurisdiction. Accordingly, the Court gave the parties an opportunity to address the issue by filing briefs. See *Frey v. Envtl. Prot. Agency*, 270 F.3d 1129, 1132 (7th Cir. 2001). The Court now determines that it lacks subject matter jurisdiction of this matter and remands the case to the circuit court of Madison County.

## I. Background

This case was removed here from state court under the guise of diversity jurisdiction, see 28 U.S.C. § 1332. In the complaint, plaintiffs brought suit on behalf of Phillip Harris, Linda Harris, Kyle Heistand, and Benjamin Harris,

individually, and operating as Statewide Services, LLC, a Missouri limited liability company, against defendant, W. Scott Peterson. When defendant filed his notice of removal (Doc. 2), defendant noted that the plaintiffs' complaint was silent as to the citizenship of the plaintiffs, but stated that on information and belief, all of the plaintiffs were citizens of the State of Illinois. Defendant also alleged that he was a citizen of the State of Missouri and that Statewide Services, LLC was not a plaintiff in this case, or if Statewide Services, LLC was a plaintiff, Statewide Services, LLC was fraudulently joined for the sole purpose of defeating diversity jurisdiction because Statewide Services, LLC was a foreign corporation doing business in Illinois without authorization and therefore could not bring suit in Illinois. Thus, defendant contended that complete diversity existed and that the Court had jurisdiction.

Upon removal, defendant filed his answer to the complaint and a counterclaim against plaintiffs Phillip Harris, Linda Harris, Kyle Heistand, and Benjamin Harris (Doc. 4). He then filed a third party complaint against Statewide Services, LLC (Doc. 5). Phillip Harris, Linda Harris, Kyle Heistand, Benjamin Harris responded to defendant's answer and counterclaims (Doc. 6), and Statewide Services, LLC filed an answer (Doc. 11) to the third party complaint. Pending before the Court is defendant's motion for summary judgment on counts two and three of the complaint (Doc. 28).

Upon reviewing the record in response to that motion, the Court began to question whether it had jurisdiction over the case. So on June 2, 2011,

the Court entered an order staying the case, informed the parties it was inclined to dismiss the case for lack of subject matter jurisdiction, and gave the parties on opportunity to be heard on the issue of the Court's jurisdiction (Doc. 44). In the order, the Court noted that a failure to brief would be deemed a concession that the Court lacks jurisdiction. Plaintiffs did not file a brief. Thus, plaintiffs' failure to respond is deemed an admission on their part that the Court lacks jurisdiction. Defendant, however, did file a brief (doc. 46), contending Statewide Services, LLC is a citizen of Illinois and therefore complete diversity is not lacking. Defendant also notes that even if Statewide Services, LLC were a Missouri citizen, the Court would still have supplemental jurisdiction over his third-party claim against Statewide Services, LLC.

## II.  Analysis

"The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged." *Wis. Knife Works v. Nat'l Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986); *McCready v. White,* 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit."). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506 (1869)). In fact, federal courts are "obliged to police the statutory and constitutional

limitations on their subject matter jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. See *Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986).

The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. The removal statute, 28 U.S.C. § 1441, is construed narrowly and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). Defendant bears the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. See *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 893 (7th Cir. 2003); *In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir. 1997); see also *Hart v. Fedex Ground Package Sys. Inc.*, 457 F.3d 675, 682 (7th Cir. 2006) ("[T]his means that the proponent of jurisdiction bears the risk of nonpersuasion on the contested factual assertions that are pertinent to the jurisdictional issue."). "Lawyers for defendants, as well as plaintiffs, must investigate rather than assume jurisdiction." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693-94 (7th Cir. 2003). Jurisdiction cannot be conferred by consent of the parties and "if the facts place the district court on notice that the jurisdictional allegation probably is false, the court is duty-bound to demand proof of its truth." *Kanzelberger*, 782 F.2d at 777.

Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). Under 28 U.S.C. § 1332(c), for the purpose of federal diversity jurisdiction, a corporation is deemed a citizen of both the state in which it is incorporated and the state where its principal place of business is located. *Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 529 (7th Cir.1985). "The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members." *Wise v. Wachovia Secs., LLC*, 450 F.3d 265, 267 (7th Cir. 2006) (collecting cases); see also *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004) (citing *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003)). As such, unincorporated business entities, such as limited partnerships ("LP") or limited liability companies ("LLC") "are [more appropriately] analogized to partnerships . . . ." *Belleville Catering Co.*, 350 F.3d at 692 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S. Ct. 1015 (1990)). Thus, the Seventh Circuit deems an LLC a citizen "of every state of which any member is a citizen." *Belleville Catering Co.,* 350 F.3d at 692 (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir.1998)). The state of a limited liability company's principle place of business and where it was formed is irrelevant to its citizenship. See *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

Furthermore, when alleging citizenship, it is the *citizenship* and not the *residency* of the parties that must be pleaded. See *Chi. Stadium Corp. v. State of Indiana*, 220 F.2d 797, 798-99 (7th Cir. 1955) (emphasis added). "When a case is initially filed in state court and then removed to federal court, the time-of-filing rule means that we analyze our jurisdiction at the time of removal, as that is when the case first appears in federal court." *Hukic*, 588 F.3d at 427 (citing *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 391 (1998)). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice or removal was filed, and, if those members have members, the citizenship of those members as well." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

Here, defendant contends that the members of Statewide Services, LLC are Phillip and Linda Harris, and that because Phillip and Linda Harris are citizens of Illinois, Statewide Services, LLC is a citizen of Illinois. Defendant, however, fails to cite to anything in the record to support his conclusory allegations that Phillip and Linda Harris are citizens and not merely residents of the State of Illinois. See *Chi. Stadium Corp.*, 270 F.3d at 798-99. Indeed, the statement of correction for limited liability company filed with the Missouri Secretary of State and available online[1] indicates that Phillip and Linda Harris are

---

[1] https://www.sos.mo.gov/businessentity/soskb/csearch.asp

the organizers of Statewide Services, LLC but their address is listed as in Missouri and the articles of organization list Linda Harris as the registered agent with a Missouri address.  See *Belleville Catering Co.*, 350 F.3d at 693 (using the Internet to search the database of incorporations available in Illinois and Missouri).   Thus, defendant failed to meet his burden to establish the citizenship of Statewide Services, LLC (or as discussed below Phillip and Linda Harris for that matter) and therefore it does not appear this Court has jurisdiction.

Despite this, defendant further argues that even if Statewide Services, LLC is a Missouri citizen, the Court would have supplemental jurisdiction over his third-party claim against Statewide Services, LLC pursuant to 28 U.S.C. § 1367(a), i.e., supplemental jurisdiction.  While this may be true if the Court were satisfied that it had original jurisdiction in the first place, it is not.  The defendant's notice of removal notes that the plaintiffs' complaint is silent as to the citizenship of the plaintiffs, but states that on information and belief, all of the plaintiffs were citizens of the State of Illinois.  This, however, is not enough to establish the citizenship of plaintiffs, particularly where there is conflicting evidence that some of the plaintiffs may be citizens of Missouri.  See *Kanzelberger*, 782 F.2d at 777 ("[I]f the facts place the district court on notice that the jurisdictional allegation probably is false, the court is duty-bound to demand proof of its truth.").  The Court gave the parties an opportunity to prove to the Court that jurisdiction existed, but plaintiffs conceded jurisdiction did not

exist by not responding and defendant has not met his burden to prove otherwise. See *Smith*, 337 F.3d at 893; *In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d at 607; see also *Hart*, 457 F.3d at 682.

Furthermore, while it may be true that plaintiffs did not intend for Statewide Services, LLC to be a party to this case, plaintiffs have not amended their complaint to change the capacity in which plaintiff is suing and it is plausible that plaintiffs are suing on Statewide Services, LLC's behalf. Therefore, this Court is (or may be) without jurisdiction and doubts toward removal must be resolved in favor of remand. See *Doe*, 985 F.3d at 911. Accordingly, pursuant to 28 U.S.C. § 1447(c), the case is remanded back to the Madison County circuit court for further proceedings.

**IT IS SO ORDERED.**

Signed this 16th day of June, 2011.

Digitally signed by David R. Herndon
Date: 2011.06.16 13:04:08 -05'00'

**Chief Judge**
**United States District Court**